# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| JOHN FITZGERALD,<br><br>  Plaintiff,<br><br>v.<br><br>DAVID KRIEN, KRIEN METHOD, INC., a Kansas Corporation, and KRIEN METHOD INDUSTRIES, LLC., a Kansas Limited Liability Company,<br><br>  Defendants. | §§§§§§§§§§§§§§ | Case No. 07-CV- 02277-RPM |

## STIPULATED PROTECTIVE ORDER

Plaintiff John Fitzgerald ("Fitzgerald") and Defendants David Krien, Krien Method, Inc., and Krien Method Industries, LLC (Collectively, "Defendants"), by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order.

  1. All documents, materials, items, and/or information that contain or comprise confidential non-public proprietary or commercial information produced or submitted during the course of this action either by a party or by a non-party to or for either of the parties shall be governed by this Stipulated Protective Order, if such documents, materials, items, and/or information are designated as "Confidential" pursuant to this order.

  2. This order shall not apply to pleadings filed with the Court. If any party desires to file with the Court any document(s), materials, items, and/or information designated by another party as Confidential, that party shall, at least five (5) days prior to filing such documents, items, material, or information, notify the party that made the designation of such intent. If the party making the designation desires to have the Confidential documents, items, material, or information sealed, then such party shall file an appropriate motion under

D.C.COLO.LCivR 7.2 and 7.3. The entry of this Stipulated Protective Order shall not be deemed as a decision by this Court that any documents marked as Confidential will or will not be sealed upon request.

3. Any information or materials produced by any party or non-party as part of discovery in this action may be designated by such party or non-party as "Confidential."

4. Information or materials designated as "Confidential" shall be those things that may be disclosed to the parties for the purposes of the litigation, but which must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5. The designation of information or material as "Confidential" for purposes of this Protective Order shall be made in the following manner by the party or non-party seeking protection:

(a) in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" to at least the first page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder, or, in the case of the production of original documents for inspection, the producing party may wait to make such designation until the time that copies of such documents are requested by the other party (the producing party may designate the original documents for purposes of the inspection only as "CONFIDENTIAL" by segregation or some other reasonable means); and

(b) in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential," hereunder; or (ii) by written notice of such designation sent by counsel to all parties within fifteen (15) days after the mailing (via overnight mail or email) to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or non-party that testimony about to be given is deemed "Confidential." The parties shall treat all deposition and other pretrial and trial testimony as "Confidential" hereunder until the expiration of fifteen (15) days after the mailing (via overnight mail or email) to counsel of the transcript of the deposition. Unless so designated, any confidentiality is waived after the expiration of the 15-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be stamped "Confidential," and access thereto shall be limited pursuant to the other terms of this Protective Order.

6. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) parties' counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) parties and employees of the parties whose assistance is needed by counsel for the purposes of this litigation;

(c) the Court;

(d) court reporters employed in connection with this action;

(e) graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 8 herein;

(f) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 8 herein;

(g) witnesses at trial or in depositions, subject to paragraph 9;

(h) any other person only upon order of the Court or upon written consent of the party producing the confidential information or material subject to and conditioned upon compliance with Paragraph 8 herein;

(i) the parties to this case, styled JOHN FITZGERALD v. DAVID KRIEN, KRIEN METHOD, INC., and KRIEN METHOD INDUSTRIES, LLC., Case No. 07-CV-02277-RPM; and

(j) consultants, as defined in Paragraph 7 herein and pursuant to the provisions of Paragraph 8 herein and subject to and conditioned upon compliance with Paragraph 9 herein;

7. For purposes of Paragraph 6(j) herein, a consultant shall be defined as a person who is neither an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

8. All persons listed in Paragraphs 6(b), 6(c), 6(e), 6(f), 6(g) and 6(h) above may be given access to information or material designated as "Confidential," provided that they first

confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

9. Any person may be examined as a witness at trial or during a deposition concerning any information or material designated as "Confidential" which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated as "Confidential" by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party provided that the examining party makes a reasonable effort to obtain the witness' compliance with paragraph 8. Any person who a party reasonably believes may have information related to this lawsuit and who does not meet the criteria set forth in the preceding sentences of this paragraph may be shown information or material designated as "Confidential" so long as that person first completes and signs a copy of an undertaking in the form attached hereto as Exhibit A.

10. A party may challenge the other party's designation of information or materials produced herein as "Confidential" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as-to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) days after conferring with the producing party, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Failure to make an application within this period shall constitute a waiver of the objection. Until a dispute over

the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "Confidential."

11. All "Confidential" information and material covered by this Protective Order shall be kept in reasonably secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraph 6 above as persons properly having access thereto.

12. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular information or material designated as "Confidential" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential;"

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

(g) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

13. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" obtained lawfully by such party independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

(b) is or becomes publicly known through no fault or act of such party; or

(c) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

14. In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the nonparty cannot be obtained, the party will notify the party seeking discovery of (a) the existence of the information without producing such information; and (b) the identity of the non-party. The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

15. If a party inadvertently produces "Confidential" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error or the receiving party becomes aware the information contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as

if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information, as well as any copies made by such persons.

16. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

17. Each of the parties hereto may seek modification of this Protective Order by application to the Court on notice to the other party hereto for good cause.

18. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

19. The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof. Counsel described in paragraph 6(a) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party

of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

20. In the event that any information or material designated as "Confidential" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as, appropriate, in the pre-trial order.

21. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential" and shall object to its production to the extent permitted by law. Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

Dated: February 21, 2008.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

By: /s/T. Lane Wilson

T. Lane Wilson, OBA #16343

320 South Boston Avenue, Suite 400

Tulsa, OK 74103-3708

Telephone (918) 594-0400

Facsimile (918) 594-0505

-and-

**HOLLAND & HART**

Conor Farley, No. 31622

555 Seventeenth Street

Suite 3200 Denver, CO 80202-3979

Telephone (303) 295-8432

Facsimile (303) 295-8261

**ATTORNEYS FOR DEFENDANTS**

**David Krien, Krien Method, Inc., and Krien Method Industries, LLC**

Dated: February 21, 2008.

By:   /s/Joshua F. Bugos  

Kris J. Kostolansky, No. 13764

Joshua F. Bugos, No. 38917

**ROTHGERBER, JOHNSON & LYONS, LLP**

One Tabor Center, Suite 3000

1200 17th Street

Denver, CO 80202-5855

Telephone: 303-623-9000

Fax: 303-623-9222

**ATTORNEYS FOR PLAINTIFF,**

**John Fitzgerald**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: February 22nd, 2008      s/Richard P. Matsch

                                                  Richard P. Matsch, Senior District Judge

EXHIBIT A

NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered <u>JOHN FITZGERALD v. DAVID KRIEN, KRIEN METHOD, INC., and KRIEN METHOD INDUSTRIES, LLC.</u>, United States District Court for the District of Colorado, Civil Action No. 07-CV- 02277-RPM; and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED this _____ day of _____, 2008.

Signed: _____

810313.2:521292:00630